# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ALEX V CASTRO MIRANDA,** | **Case No. 26–cv–06511–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Alex V Castro Miranda's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)   Respondents oppose the Petition.   (ECF No. 5.)

1.    Petitioner is a citizen of Brazil.   (ECF No. 1 ¶ 1.)   He entered the United States without inspection on or about November 24, 2021.   (*Id.* ¶ 3.)

2.    On March 25, 2026, the Long Branch Police Department arrested petitioner for possession of CDS, N.J.S.A. § 2C:35-10(a)(1); maintaining/operating a CDS production facility, N.J.S.A. § 2C:35-4; CDS manufacture/distribute/possession with intent, N.J.S.A. § 2C:35-5(b)(1); and use/possession with intent to use drug paraphernalia N.J.S.A. § 2C:36-2(a). (*Id.* ¶ 32.)   The charges are still pending.   (*Id.*)

3.    Immigration and Customs Enforcement (ICE) took petitioner into custody after his arrest.   (*Id.* ¶ 33.)   Petitioner has been detained at Delaney Hall Detention Facility since that time.   (*Id.*)

4.    Petitioner argues that his detention is unlawful and asks this court to order his immediate release.   (*Id.* ¶ 34.)

5.    On June 5, 2026, an immigration judge ordered petitioner removed from the United States.   (ECF No. 5–6.)   That order is not yet final.

6.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

7.      Respondents filed an answer on June 9, 2026 arguing that petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2) because he is a noncitizen "who entered without inspection or parole who was detained by immigration authorities in the interior of the country without having been lawfully admitted. Accordingly, Petitioner is an 'applicant for admission' who is not entitled to a bond hearing."   (ECF No. 5 p. 3.)

8.      I conclude that petitioner is being unlawfully detained under §1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under §1226, which requires an opportunity to seek bond. *See Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

Accordingly,

**IT IS** on this   **16th** day of **June 2026**   **ORDERED** that:

1.      Petitioner's Petition is **GRANTED**.  Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. §1226(a) before an immigration judge within 7 days of this Order.   Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2.      Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention.

3.      The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**